IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE (S.S.),

    Plaintiff,

v.

Civil Action 2:24-cv-1780
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

RED ROOF INNS, INC., *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants Red Roof Inns, Inc., Red Roof Franchising, LLC, RRF Holding Company, LLC, and RRI West Management, LLC's ("RRI Defendants") Motion to Transfer Venue. (ECF No. 22.)  For the reasons stated herein, RRI Defendants' Motion is **DENIED**.[1]

### I.    BACKGROUND

Plaintiff S.S., a resident of Kentucky, alleges that she was trafficked for sex between March and April 2017 at the Varahi Hotel LLC d/b/a Red Roof Inn ("Red Roof Inn") located in Smyrna, Georgia, a franchise of RRI Defendants. (Compl., ECF No 1, at ¶¶ 24–33.)  Defendants Red Roof Inns, Inc., RRF Holding Company, LLC, and Red Roof Franchising, LLC each have their principal place of business in the Southern District of Ohio. (*Id.* at ¶¶ 12–14.)  Defendant RRI West Management's registered agent is located in Cleveland, Ohio, and is an affiliate of

---

[1] Plaintiff filed a Notice of Supplemental Authority. (ECF No. 32.)  RRI Defendants filed a Motion for Leave to File a Response to Plaintiff's Notice. (ECF No. 37.)  The Court **DECLINES** to consider Plaintiff's Notice and **DENIES as moot** RRI Defendants' Motion for Leave (ECF No. 37).  Further, Plaintiff's request for oral argument is **DENIED**. (ECF No. 29.)

Red Roof Inns, Inc. and Red Roof Franchising, LLC. (*Id.* at ¶ 15.) On April 15, 2024, Plaintiff filed this action seeking to hold Defendants liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). (*Id.* at ¶¶ 4, 6–7.)

Plaintiff alleges that RRI Defendants knew that sex trafficking occurred on their property, they facilitated and benefitted from Plaintiff's sex trafficking, and they knew or should have known of Plaintiff's sex trafficking. (*Id.* at ¶¶ 6–7, 29–30, 50.) Plaintiff asserts that RRI Defendants "failed to take appropriate action in response to their knowledge of widespread and ongoing human trafficking in their hotels." (*Id.* at ¶ 50.) Further, Plaintiff contends that there were obvious signs of her trafficking, including "that hotel rooms would be paid for in cash or prepaid card," she did not leave the room, "she had few or no personal items, the do not disturb sign was constantly on the door . . .[,] and there was a constant heavy foot traffic in and out of her room involving men who were not hotel guests." (*Id.* at ¶ 32.)

RRI Defendants moved this Court to transfer this case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). (Mot., ECF No. 22.) Plaintiff filed a response in opposition (Resp., ECF No. 29.) RRI Defendants filed a reply brief in support of their Motion. (ECF No. 40.) This matter is ripe for judicial review.

II.     **STANDARD OF REVIEW**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). If a case could be brought in the transferee court, "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* In balancing convenience, the Court must consider factors such as "the private interests of the parties,

2

including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Relevant private interest factors to consider include the following: "(1) the plaintiff's choice of forum; (2) where the parties reside; (3) the location of willing and unwilling witnesses; (4) the location of evidence; and (5) the locus of events that gave rise to the dispute." *Olin-Marquez v. Arrow Senior Living Management, LLC*, 586 F. Supp. 3d 759, 776 (S.D. Ohio 2022) (internal citations omitted). Relevant public interest factors include: "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home; (4) the public's general interest in systemic integrity and fairness; and (5) the court's familiarity with the governing law." *Id.* at 778 (citing *Youngblood v. Life Ins. Co. of N. Am.*, No. 3:16-CV-34, 2016 WL 1466559, at *1 (W.D. Ky. Apr. 14, 2016)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). Transfer pursuant to § 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to § 1404(a). *See Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

"Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Levy v. Cain, Watters & Assocs., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 271300, at *9 (S.D. Ohio Jan. 15, 2010); *Reese*, 574 F.3d at 320 ("As the permissive language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate.") (quotation omitted).

### III.     ANALYSIS

In front of the Court, yet again, is the issue of venue in a TVPRA case where the corporate defendants—Red Roof Inns, Inc. and its related corporate entities—are located in the Southern District of Ohio.[2]  As Plaintiff notes, however, RRI Defendants fail to acknowledge, much less distinguish, the Court's numerous TVPRA decisions on venue.[3] (Resp., at PageID 350–51, 353–54.)  As a result, RRI Defendants' Motion requires minimal analysis.  RRI Defendants fail to persuade the Court that it should reach a different outcome in this case.

RRI Defendants argue that the Northern District of Georgia is the more convenient venue and the "public interest in the administration of justice on balance favors transfer . . . ." (Mot. at PageID 238–41.)  While each case presents unique circumstances, this Court has already explained that it also must "consider the impact of transferring these cases as a whole, and not in isolation." *In re Hotel TVPRA Litig.*, No. 2:22-CV-1924, 2023 WL 3075851, at *21 (S.D. Ohio Apr. 25, 2023).

---

[2] The Court notes the recent opinion, *A.M.G. v. Red Roof Inns, Inc., et al.*, No. 2:23-CV-04195, 2025 WL 588645 (S.D. Ohio Feb. 24, 2025), in which the Court denied RRI Defendants and FMW RRI II LLC and FMW RRI Opco LLC's Motions to Transfer Venue, once again.
[3] For example: Case Nos. 2:22-cv-1924; 2:22-cv-2682; 2:22-cv-2734; 2:22-cv-3256; 2:22-cv-3258; 2:22-cv-3416; 2:22-cv-3766; 2:22-cv-3767; 2:22-cv-3768; 2:22-cv-3769; 2:22-cv-3770; 2:22-cv-3771; 2:22-cv-3772; 2:22-cv-3773; 2:22-cv-3774; 2:22-cv-3776; 2:22-cv-3778; 2:22-cv-3782; 2:22-cv-3784; 2:22-cv-3786; 2:22-cv-3787; 2:22-cv-3788; 2:22-cv-3797; 2:22-cv-3839; 2:22-cv-3842; 2:22-cv-3844; 2:22-cv-3845; 2:22-cv-3846.

In particular, RRI Defendants do not argue why the Court should depart from its prior analysis and holding:

> Here, the Court must grapple with the realistic effects and consequences of transferring these cases to districts across the country. Sex trafficking inherently is a covert, yet pervasive, industry that results in "crime[s] of violence with [their] roots, with [their] genesis, in economics." *United States v. White*, Case 2:17-cr-021, ECF No. 46 (S.D. Ohio 2018) (Marbley, J.). The 2008 amendments to the TVPRA, adding the direct civil liability provision under § 1595, indicates that Congress intended to hold responsible not only traffickers, but anyone who "knew or should have known" they participated in a venture in violation of federal sex trafficking laws. *Schair*, 2014 WL 12495639, at *3 (the 2008 amendments broadened the parties who could be sued for trafficking violations from only the perpetrator). Because the public interest factors are the dominant factors in this analysis and they weigh against transfer of all but six of the cases in which this Court either lacks personal jurisdiction or venue is improper, it is in the interest of fairness and judicial integrity to allow these cases to proceed to the merits in a district well-versed in the controlling law and that has a strong interest in enforcing the TVPRA under the beneficiary theory. Transferring these cases does not serve the interest of justice substantially more than this district, but only distracts from the merits of this litigation. *Olin-Marquez*, 586 F. Supp. 3d at 781 (finding that systemic integrity and fairness weighed against transfer of a FLSA action because the harm alleged by plaintiff would likely continue to occur and transfer could chill future plaintiffs seeking relief in their home forum). Transfer, not dismissal, of the multi-defendant or non-Red Roof defendant cases is in the interest of justice and aligns with the goals of judicial integrity and fairness.
>
> \*\*\*
>
> As such, the changing litigation landscape requires this Court to reconsider its previous calculus in *C.T.* regarding the § 1404(a) factors. The public interest factors have become demonstrably more important, requiring this Court to consider the impact of transferring these cases as a whole, and not in isolation. **Therefore, absent jurisdictional or venue deficiencies, this Court will not exercise its discretionary power to transfer the cases to a different district court pursuant to § 1404**.

5

*Id.* (emphasis added). Nothing in the record of this case indicates that the importance of the public interest factors has diminished.

RRI Defendants do not assert that this Court lacks personal jurisdiction or that venue in the Southern District of Ohio is improper. Further, the Court finds that it has personal jurisdiction, and the Southern District of Ohio is a proper forum pursuant to 28 U.S.C. § 1391(b)(1), (c)(2), (c)(d). In the absence of jurisdictional or venue deficiencies and RRI Defendants' failure to distinguish this case from the Court's previous TVPRA decisions regarding venue, the Court **DENIES** RRI Defendants' Motion to Transfer Venue. (ECF No. 22.)

## IV. CONCLUSION

For the foregoing reasons, RRI Defendants Motion to Transfer Venue (ECF No. 22) is **DENIED**. The Court **DECLINES** to consider Plaintiff's Notice and **DENIES as moot** RRI Defendants' Motion for Leave (ECF No. 37). Further, Plaintiff's request for oral argument is **DENIED**. (ECF No. 29.)

**IT IS SO ORDERED.**

Date: February 27, 2025   /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**